UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJAH LEE JACKSON,<br><br>            Plaintiff,<br><br>    v.<br><br>MIKE,<br><br>            Defendant. | Case No. 2:24-cv-01460-JDP (PC)<br><br>**ORDER**<br><br>SCREENING PLAINTIFF'S FIRST AMENDED COMPLAINT AND GRANTING HIS APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>ECF Nos. 4 & 5 |

    Plaintiff Elijah Lee Jackson is a county inmate proceeding pro se in this civil rights action brought under 42 U.S.C. § 1983. The complaint alleges the defendant Chaplin Mike violated plaintiff's First Amendment rights by not providing him with certain religious materials on his tablet. The claims, as articulated, are not sufficient to proceed past screening. I will grant plaintiff the opportunity to file an amended complaint. I will also grant plaintiff's application to proceed *in forma pauperis*, which makes the required showing.

**Screening and Pleading Requirements**

    A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

1

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Discussion**

The complaint alleges that plaintiff requested information for "Satanic studies" to be placed on his tablet. ECF No. 4 at 3. Defendant Chaplin Mike responded to plaintiff's request by stating "REFUSED." *Id.* Plaintiff felt disrespected and again asked Chaplin Mike for Satanic materials. *Id.* This time, Chaplin Mike responded that he had ordered the materials plaintiff requested, but he was still waiting for the materials to arrive. *Id.* The complaint claims that Chaplin Mike violated plaintiff's free exercise of religion.

"Inmates clearly retain protections afforded by the First Amendment . . . including its directive that no law shall prohibit the free exercise of religion." *O'Lone v. Estate of Shabazz*,

482 U.S. 342, 348 (1987) (citations omitted).  However, "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system."  *Id.* (citation and internal quotation marks omitted).  Thus, "[i]n order to establish a free exercise violation, [a prisoner] must show the defendants burdened the practice of his religion, by preventing him from engaging in conduct mandated by his faith, without any justification reasonably related to legitimate penological interests."  *Freeman v. Arpaio*, 125 F.3d 732, 736 (9th Cir. 1997).  A prisoner must also show that his practice is both "sincerely held" and "rooted in religious belief."  *Shakur v. Schriro*, 514 F.3d 878, 884 (9th Cir. 2008) (quoting *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994)).

The allegations do not give rise to a First Amendment violation.  Plaintiff has failed to allege facts demonstrating that his practice of religion was burdened or in any way deterred by the delay in receiving materials on his tablet.  *See Freeman*, 125 F.3d at 737 ("In order to reach the level of a constitutional violation, the interference with one's practice of religion must be more than an inconvenience; the burden must be substantial . . . .") (citation and internal quotation marks omitted).  In addition, the complaint alleges no facts showing that any delay caused by Chaplin Mike was an intentional act to burden the free exercise of plaintiff's religion.  *See Lewis v. Mitchell*, 416 F. Supp. 2d 935, 944 (S.D. Cal. 2005) ("Plaintiff must assert more than negligence to state a valid § 1983 claim for the violation of his Free Exercise rights.  Instead, Plaintiff must allege conscious or intentional acts that burden his free exercise of religion.").

Plaintiff may file an amended complaint.  He is advised that the amended complaint will supersede the current complaint.  *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the amended complaint will need to be complete on its face without reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the current complaint no longer serves any function.  Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail.  The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 5, is granted.

2. Within thirty days from the service of this order, plaintiff may file an amended complaint. If he does not, I will recommend this action be dismissed for failure to state a claim.

3. The Clerk of Court is directed to send plaintiff a complaint form.

4. Failure to comply with this order may result in a recommendation of dismissal.

IT IS SO ORDERED.

Dated: __July 31, 2024__  _____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE