UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJAH LEE JACKSON,<br><br>       Plaintiff,<br><br>   v.<br><br>MIKE,<br><br>       Defendant. | Case No. 2:24-cv-01460-JDP (PC)<br><br>**ORDER TO SHOW CAUSE** |

On July 31, 2024, I screened plaintiff's complaint and notified him that it did not state a cognizable claim. ECF No. 7. I granted him thirty days to file either an amended complaint or an advisement indicating his intent to stand by his current one, subject to a recommendation that it be dismissed. To date, plaintiff has done neither.

To manage its docket effectively, the court requires litigants to meet certain deadlines. The court may impose sanctions, including dismissing a case, for failure to comply with its orders or local rules. *See* Fed. R. Civ. P. 41(b); E.D. Cal. L.R. 110; *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988). Involuntary dismissal is a harsh penalty, but a district court has a duty to administer justice expeditiously and avoid needless burden for the parties. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); Fed. R. Civ. P. 1.

I will give plaintiff a chance to explain why the court should not dismiss the case for his

1

failure to file an amended complaint or advisement of his intent to stand by his current complaint. Plaintiff's failure to respond to this order will constitute a failure to comply with a court order and will result in a recommendation that this action be dismissed.  Accordingly, plaintiff is ordered to show cause within twenty-one days why this case should not be dismissed for failure to prosecute and failure to comply with court orders.  Should plaintiff wish to continue with this lawsuit, he shall file, within twenty-one days, an amended complaint or advisement of his intent to stand by his current complaint.

IT IS SO ORDERED.

Dated:   October 9, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE